IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AVION TRAMAINE LAWSON,
Inmate #W38414,
    Plaintiff,

vs.                                                Case No. 5:15cv76/RS/EMT

D. LEAVINS, WARDEN, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1) and his motion for leave to proceed in forma pauperis (doc. 2). For the limited purpose of dismissal of this action, leave to proceed in forma pauperis will be granted.

       Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

       Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 5–6[1]). In Questions A and B of Section IV, which request information regarding any previous cases Plaintiff might have filed in state or federal court, respectively, that deal with the same or similar facts as those in the instant action, Plaintiff disclosed two cases: <u>Lawson v. State of Florida</u>, Case No. 2014CA705, filed in the State of Florida in Indian River County; and <u>Lawson v. Crews</u>, Case No. 2:13cv14262-DLG, a federal case filed in the United States District Court for the Southern District of Florida (doc. 1 at 5).

---

[1] The page numbers in this Report are those assigned by the court's electronic docketing system, as opposed to those assigned by Plaintiff or any other page numbers that may appear.

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 6). Where there are parenthetical areas to mark either a "Yes" or "No" answer to this question, Plaintiff marked "No." Thus, Plaintiff in effect stated that, aside from the two cases he identified in Questions A and B, he has never initiated any actions in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement, including habeas corpus petitions.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (doc. 1 at 17) (emphasis and capitalization in original).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[2]

---

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

Case No: 5:15cv76/RS/EMT

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed <u>Lawson v. Wakulla CI Annex, et al.</u>, Case No. 4:13cv672/WS/GRJ in the Tallahassee Division of this District. This case related to the conditions of Plaintiff's confinement, as the complaint alleged that the defendant officers at Wakulla Correctional Institution failed to protect Plaintiff's constitutional rights as they relate to a prison scuffle that involved him and psychologically affected him. The case was later dismissed because of Plaintiff's failure to prosecute. Additionally, Plaintiff filed <u>Lawson v. Crews</u>, Case No. 9:14-cv-80860-WJZ, in the United States District Court for the Southern District of Florida on June 26, 2014. That case was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was later dismissed as time barred under the applicable statute of limitations.[3]

In his answer to Question C of Section IV the complaint form, Plaintiff did not identify and list the two cases identified above, despite the fact that one was a habeas corpus action and the other was a civil rights action relating to the conditions of his confinement, and therefore both qualified as federal court actions that were responsive to Question C and should have been included in Plaintiff's answers to those questions.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his

---

[3] Across the dockets in all of the referenced cases, the inmate number of the plaintiff is identified as #W38414, which Plaintiff identifies as his in the instant action.

Case No: 5:15cv76/RS/EMT

untruthful answers.[4]  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[5]  *See*, *e.g.*, Hanson v. McCaul, No. 4:09cv126/SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and two of which were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . .").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED:**

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **GRANTED** for the limited purpose of dismissal of this action.

---

[4] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 5) (emphasis and capitalization in original).

[5] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file if he so chooses.  *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 22nd day of April 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).